UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HENRY FORD HEALTH SYSTEM,

       Plaintiff,

vs.

ASSURANT HEALTH, et al.,

       Defendants.
_____/

Civil Action No.
08-CV-11270

HON. BERNARD A. FRIEDMAN

## **OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the court on defendants' motion to dismiss [docket entry 2]. Plaintiff has filed a response in opposition. Pursuant to E.D. Mich. LR 7.1(e)(2), the court shall decide this motion without oral argument.

This is a breach of contract action in which plaintiff alleges that defendants have failed to pay for medical care plaintiff provided to one of defendants' insureds. In their motion to dismiss, defendants argue that the complaint fails to state a claim because plaintiff is not a party to the medical insurance policy between defendants and their insured. Defendants argue that plaintiff is at best an incidental beneficiary of that contract, not a third-party beneficiary with standing to enforce any rights thereunder. Defendants also note that the complaint does not allege the existence of an assignment of the insured's rights to plaintiff.

In response, plaintiff argues that it is a third-party beneficiary with standing to sue and, further, that the insured's rights have been assigned to plaintiff. A copy of the assignment is attached to plaintiff's response brief.

Whether plaintiff is a third-party beneficiary (with standing) or an incidental beneficiary (without it) depends on the wording of the policy. "[A] court should look no further than the form and meaning of the contract itself to determine whether a party is an intended third-party beneficiary within the meaning of [M.C.L. § 600.1405]." *Schmalfeldt v. North Pointe Ins. Co.*, 469 Mich. 422, 428 (2003). "[A] court should examine the contract using an objective standard. Third-party beneficiary status requires an express promise to act to the benefit of the third party." *Dynamic Constr. Co. v. Barton Malow Co.*, 214 Mich. App. 425, 427 (1995). As defendants have not produced a copy of the policy for the court's review, they have failed to show that plaintiff is merely an incidental beneficiary. The court shall therefore decline to dismiss the complaint on this basis.

Even assuming that plaintiff is an incidental beneficiary of the health insurance policy, plaintiff clearly has standing by virtue of the Assignment of Benefits that is attached to its response brief. This assignment, signed by the attorney of the personal representative of the insured's estate, conveys to plaintiff all of the insured's interest in "Contracts and Agreements for health/medical insurance coverage for payment of Henry Ford Health System's bill for medical treatment rendered to [the insured] . . . ." This assignment eliminates any doubt regarding plaintiff's standing to sue for breach of the policy. Accordingly,

2

IT IS ORDERED that defendants' motion to dismiss [docket entry 2] is denied.

                    s/Bernard A. Friedman
                    Bernard A. Friedman
                    United States District Judge

Dated: April 23, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 23, 2008, by electronic and/or ordinary mail.

                    s/Carol Mullins
                    Case Manager